Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6486 | **DATE** | 8/23/2001 |
| **CASE TITLE** | Refco, LLC vs. Herst Ventures, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Refco's counsel are ordered to file an appropriate amendment to the Motion in this Court's chambers on or before August 30, 2001 setting out the relevant jurisdictional facts.
(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | AUG 27 2001 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | 8/24/2001 date mailed notice |
| SN | courtroom deputy's initials | SN mailing deputy initials |
| | Date/time received in central Clerk's Office | |

FILED FOR DOCKETING
01 AUG 24 PM 4:48

Document Number 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REFCO, LLC,                       )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   No. 01 C 6486
                                  )
HERST VENTURES, etc.,             )
                                  )
            Defendant.            )

DOCKETED

AUG 27 2001

MEMORANDUM ORDER

Refco, LLC ("Refco") has just brought this action to vacate an arbitration award entered against it and in favor of Herst Ventures f/k/a Peerless Lighting ("Herst") by a National Futures Association panel. This memorandum order is issued sua sponte to require Refco's counsel to cure a subject matter jurisdictional flaw in Refco's Motion To Vacate ("Motion"), failing which this action will have to be dismissed for lack of such jurisdiction.

Because Refco's counsel are obviously aware that the Federal Arbitration act (9 U.S.C. §§1-16) is not itself a fount of federal jurisdiction, they invoke diversity of citizenship as Refco's proposed ticket of entry to this federal court. In that respect there is no question that the amount-in-controversy requirement is met: Refco has been hit with the obligation to pay a nearly $1.3 million award. Nor does the jurisdictional flaw lie in the Motion's allegations as to Herst's dual corporate



citizenship under 28 U.S.C. §1332(c)(1),[1] for both its state of incorporation and its principal place of business are stated to have a California situs.

Instead the problem lies in the allegations by Refco's counsel as to their own client, which is described only in these terms:

> Movant is a Delaware Limited Liability Company having its principal place of business in the state of Illinois....

But neither its place of organization nor its principal place of business is at all relevant for citizenship purposes as to a noncorporate entity such as Refco. Instead it is treated like any other unincorporated association, with the citizenship of each of its members required to be taken into account (Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)). So if any one of Refco's members is a California citizen, Section 1332's requirement of total diversity is defeated.

Accordingly Refco's counsel are ordered to file an appropriate amendment to the Motion in this Court's chambers on or before August 30, 2001 setting out the relevant jurisdictional facts (with copies of the amendment being transmitted to each of the law firms and to the individuals to whom notice of the original Motion was transmitted). In the absence of such a

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

2

timely filing, or if such a timely filing discloses the absence of total diversity, this Court will be constrained to dismiss both the Motion and this action for lack of subject matter jurisdiction. But because of the prospect that jurisdiction may indeed be present, this Court's minute clerk is contemporaneously transmitting to Refco's counsel, and to the firms and the individual to whom notice was sent, copies of a scheduling order that will be applicable in that event.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: August 23, 2001